# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>           Petitioner,<br><br>   v.<br><br>FRESNO CORRECTIONAL<br>DEPARTMENT,<br><br>           Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10-cv-00625-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK FORM FOR COMPLAINT PURSUANT TO 42 U.S.C. § 1983<br><br>NO CERTIFICATE OF APPEALABILITY REQUIRED |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   On April 9, 2010, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).   On April 22, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 4).

Petitioner alleges that he is in custody at the Fresno County Jail as a result of a conviction for possession of marijuana in the "Municipal Court" of Fresno.  (Doc. 1, p. 2).  However, Petitioner does not challenge either his conviction or sentence.  Instead, Petitioner objects to the jail conditions on two grounds: (1) inmates are fed breakfast at 3-4 a.m. "like we're animals" after only a few hours of sleep; and (2) the jail's medical facility "is run at a [sic] unintelligent

hours."  (Doc. 1, pp. 3-4).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that the jail conditions are poor because prisoners are fed breakfast at very early hours and that the jail's medical facility operates at "unintelligent hours."  The petition contains no specific prayer for relief.  Clearly, under such circumstances, Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Even were the Court to grant the petition, e.g., by ordering breakfast at a more convenient hour or mandating that the jail's medical staff provide services at a more "intelligent time," such relief would "not necessarily shorten the prisoner's sentence." Ramirez, 334 F. 3d at 859.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

///

## ORDER

Accordingly, it is HEREBY ORDERED as follows:

1.  The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2.  The Clerk of the Court is DIRECTED to enter judgment and close the file;

3.  The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,

4.  No certificate of appealability is required in this case.


IT IS SO ORDERED.

Dated:   **April 29, 2010**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE